UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INSURED ADVOCACY GROUP, LLC,

                              Plaintiff,

-v-

AQUA DOCS WATER RESTORATION, INC., et al.,

                              Defendants.

CIVIL ACTION NO.: 24 Civ. 838 (VSB) (SLC)

**OPINION AND ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

## I. INTRODUCTION

Plaintiff Insured Advocacy Group, LLC ("IAG") brings this breach of contract action against Defendants Melissa Mayhew ("Ms. Mayhew") and John Devia ("Mr. Devia") (together, "Defendants")[1] arising out of a First Party Claims Non-Recourse Sale and Assignment Agreement between IAG and Aqua dated December 1, 2021. (See Dkt. Nos. 40; 40-1).

The Court is in receipt of Defendants' letter motion (Dkt. No. 63 (the "Motion")) giving notice of Ms. Mayhew's filing, in the United States Bankruptcy Court for the Southern District of Florida, of a bankruptcy petition (the "Petition") pursuant to Chapter 13 of the Bankruptcy Code (Docket No. 25-21058 (MAM) (the "Bankruptcy")) and requesting a stay of this action pursuant to 11 U.S.C. § 362. (See Dkt. No. 63). This action has been referred to the undersigned for general

---

[1] On April 8, 2025, the Court So Ordered the parties' stipulation of judgment against Defendant Aqua Docs Water Restoration Inc. ("Aqua") dismissing Aqua from this action. (See Dkt. No. 56). IAG "intends to proceed with the claims in this case against [Mr.] Devia and [Ms.] Mayhew" in their individual capacities. (Dkt. 59 at 1; see Dkt. No. 62 at 1).

pretrial management. (See Dkt. No. 33 (the "Referral")). The Motion falls within the scope of the Referral. (See id.)

Pursuant to the undersigned's Individual Rules and Practices in Civil Cases, any opposition to a letter motion must be filed within three business days of the moving letter, which made IAG's deadline to respond to the Motion October 7, 2025. (See Individual Practices in Civil Cases Magistrate Judge Sarah L. Cave at 5). To date, IAG has not responded to the Motion, so we consider the Motion unopposed.

Nevertheless, for the reasons stated below, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

## II. DISCUSSION

### A. Legal Standard

"The purpose of Chapter 13 of the Bankruptcy Code is the rehabilitation of financial distressed [individual] debtors through repayment from regular income … over the course of a three-[] to five-year period." 8B C.J.S. Bankruptcy § 1204; see 11 U.S.C. § 1301 et seq. A Chapter 13 petition automatically stays "the commencement or continuation … of a judicial, administrative, or other action or proceeding against the debtor[.]" 11 U.S.C. § 362. The stay is effective on the filing of the petition. See Celotex Corp. v. Edwards, 514 U.S. 300, 302 (1995).[2] The Second Circuit has held, however, that "[i]t is well-established that stays pursuant to [Section] 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants." Teachers Ins. and Annuity Ass'n of Am. v. Butler, 803 F.2d 61, 65 (2d Cir. 1986) (denying stay as to non-debtor general partners).

---

[2] Internal citations and quotation marks are omitted from case citations unless otherwise indicated.

Courts reserve the authority to extend a stay to non-debtor parties, in "unusual situations," such as "when failure to extend the stay would pose a serious threat to the debtors' reorganization efforts" or "when the debtor and non-debtor are so bound by statute or contract that the liability of the non-debtor is imputed to the debtor by operation of law[.]" Plaintiff Funding Holding, LLC v. Blue Ocean Partners LLC, No. 22 Civ. 4094 (KPF), 2023 WL 3506142, at *1 (S.D.N.Y. Apr. 18, 2023); see Queenie, Ltd. v. Nygard Int'l, 321 F.3d 282, 287 (2d Cir. 2003) (the automatic stay applies to non-debtors "only when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate[]"); Gucci Am., Inc. v. Duty Free Apparel, Ltd., 328 F. Supp. 2d 439, 441 (S.D.N.Y. 2004) (explaining that "a [Section] 362(a) stay may be imposed against a non-bankrupt party when such an identity of interest exists between the debtor and third party non-debtor that a judgment against the third party will directly affect the debtor.").

A non-debtor party seeking to extend the stay "bear[s] the burden to demonstrate that an extension of the stay is warranted based upon the unusual circumstances impacting [the debtor's] reorganization effort." DeSouza v. PlusFunds Grp., Inc., No. 05 Civ. 5990 (RCC) (JCF), 2006 WL 2168478, at *2 (S.D.N.Y. Aug. 1, 2006); see CAE Indus. Ltd. v. Aerospace Holdings Co., 116 B.R. 31, 34 (S.D.N.Y. 1990) ("In the absence of evidence which demonstrates any impact upon the debtor's reorganization effort, the stay cannot be extended to a solvent co-defendant[.]").

B. **Application**

Here, the Petition stays the action as to Ms. Mayhew. Mr. Devia, however, has not attempted to meet, let alone met, his burden to demonstrate why the stay should be extended to him, a non-debtor. See DeSouza, 2006 WL 2168478, at *2. Defendants do not cite any

"unusual circumstances" that would warrant an extension of the stay to Mr. Devia.  (See also Dkt. No. 63 at 1).  Accordingly, the Motion is **GRANTED** and this action is **STAYED** as to Ms. Mayhew, and the Motion is **DENIED** insofar as it requests a stay for Mr. Devia.  If Mr. Devia can make the showing as set forth in the precedent discussed above, he may renew the Motion.

### III.  CONCLUSION

For the reasons set forth above, the Motion is (i) **GRANTED IN PART** and this action is **STAYED** as to Ms. Mayhew and (ii) **DENIED IN PART** insofar as the action is not stayed as to Mr. Devia.

The Clerk of Court is respectfully directed to close Dkt. No. 63.

Dated:     New York, New York
           October 8, 2025

SO ORDERED.

_____
**SARAH L. CAVE**
**United States Magistrate Judge**